IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ARLEEN DELARONDE | § | |
|    Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:14-cv-1578 |
| | § | |
| LEGEND CLASSIC HOMES, LTD., | § | |
| BELLA VISTA C.M.I., LTD. | § | |
|    Defendants. | § | JURY DEMANDED |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Plaintiff Arleen Delaronde ("Plaintiff" or "Delaronde"), and complains of Legend Classic Homes, Ltd. ("Defendant" or "Legend") and for her cause of action would show the Court as follows:

### I.
### INTRODUCTION

1.  This action seeks equitable relief, actual, compensatory and punitive damages, attorney's fees, expert witness fees, taxable costs of court, prejudgment and post-judgment interest for violations of rights guaranteed to Plaintiff under the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, et. seq. in accordance with its provisions against sex discrimination and age discrimination; and for violations of rights guaranteed to Plaintiff under the Age Discrimination in Employment Act of 1964, as amended, 29 U.S.C. §621, et seq.

### II.
### PARTIES

2.  Plaintiff Arleen Delaronde is a female, over the age of 40, residing in Montgomery County, Texas.

3. Defendant Legend Classic Homes, Ltd. is a Texas Corporation and may be served with the summons through its registered agent for service, Lauren Darby, at 10410 Windermere Lakes Blvd., Houston, Texas 77065.

4. Whenever in this Complaint it is alleged that Defendant committed any act or omission, it is meant that the Defendant's officers, directors, vice-principals, agents, servants, or employees committed such act or omission and that at the time such act or omission was committed, it was done with the full authorization, ratification or approval of Defendant or was done in the routine normal course and scope of employment of the Defendant's officers, directors, vice-principals, agents, servants, or employees.

### III.
### JURISDICTION AND VENUE

5. This is a civil action over which this court has jurisdiction pursuant to 28 U.S.C. §§ 1331, 1343 (a)(3) and (4), and 1367.

6. The Court has personal jurisdiction over Defendant since it regularly conducts business in the State of Texas, and therefore has minimum contacts with the State of Texas.

7. Alternatively, the Court has personal jurisdiction over Defendant since the acts giving rise to this suit occurred within the State of Texas.

8. Venue is proper in the Southern District of Texas, under 28 U.S.C. § 1391(b) since a substantial part of the events or omissions giving rise to this cause of action occurred in the Southern District of Texas.

9. This Court has jurisdiction over all claims in this action.

## IV.
## PROCEDURAL REQUISITES

10. On or about September 25, 2013, Plaintiff filed a Charge of Gender Discrimination and Age Discrimination against Defendant under Charge Number 460-2013-04031 with the Equal Employment Opportunity Commission ("EEOC").

11. On or after March 19, 2014, the EEOC issued a Notice of Right to Sue letter entitling Plaintiff to file an action in this Court.

12. This Complaint has been filed within ninety (90) days of Plaintiff's receipt of the Notice of Right to Sue letter.

13. All conditions precedent to filing this cause of action have been met.

## V.
## FACTS

14. In 2010 Delaronde began working for Defendant at as a salesperson. Her job consisted of selling new homes being built by Legends Homes at their residential development property called Legend's Trace. Plaintiff was very successful at this location and was placed in a position of leadership. Under her leadership sales at the location increased significantly. Delaronde recruited another salesperson to assist her in managing the community.

15. In 2012 Plaintiff was re-assigned to a significantly lower sales volume location called Deerbrook Estates.  Plaintiff was told the move was temporary so she could train a new salesperson.  At the time Delaronde moved to the new location for what she thought would be a temporary training position she had significant sales leads she had nurtured at Legends Trace, many of which ultimately led to home sales.

16. Plaintiff learned later that her move to Deerbrook was to be permanent.  This resulted in a significant loss of income, both in the form of lost commissions from her Legends Trace work

for sales she made possible but for which she was not compensated, and because the income potential at Deerbrook Estates was significantly less. Her employers and supervisors were well aware of all of these factors.

17. Subsequent to her move to Deerbrook Estates Plaintiff was replaced with a male salesperson who was younger than Plaintiff. This male had significantly less experience, a much less impressive track record, and, as his sales number prove, significantly less talent as a salesperson. Whereas Plaintiff had regularly received accolades and recognition within the industry at her prior job, her replacement had actually been fired from his prior homes sales job. However, the move was in keeping with Defendants' practice of placing men in the higher-performing, higher-priced, and thus higher-income potential locations. Legend Homes historically provided greater opportunities to male salespersons than to female salespersons. Plaintiff herself directly experienced this discrimination.

18. Plaintiff's new position, the significantly reduced income opportunities (and income), and the losses she suffered by not being allowed the opportunity to finalize her potential sales in the Legends' Trace location, all resulted in her not being able to support herself of her family. Her income decreased sharply. She was forced to resign as a result of Defendants' discriminatory actions.

19. In addition to assigning men to the most lucrative properties, Legends Homes regularly placed female salespersons in training roles, which necessarily resulted in at least a temporary decrease in salary due to less time in active selling, and administrative duties that male salespeople were not asked to perform. Defendant also enforced certain rules only against women but did not enforce them against men, for example, the prohibition against possessing an

active real estate license was enforced against women while men were allowed to maintain their licenses without reprimand.

## VI.
## FIRST CAUSE OF ACTION – GENDER DISCRIMINATION

20. Plaintiff reasserts and incorporates by reference herein all the facts and allegations set forth above.

21. Plaintiff is a member of a protected class by reason of her gender.

22. Plaintiff suffered an adverse employment action.

23. Plaintiff was qualified for the position.

24. Plaintiff was replaced by someone outside the protected class or was treated differently from similarly-situation, non-protected employees.

## VII.
## SECOND CAUSE OF ACTION – AGE DISCRIMINATION

25. Each and every allegation contained in the foregoing paragraphs are realleged as if fully written herein.

26. Plaintiff is a member of a protected class by reason of age.

27. Plaintiff suffered an adverse employment action.

28. Plaintiff was replaced by someone outside the protected class or was treated differently from similarly-situated, non-protected employees.

## JURY DEMAND

29. Plaintiff requests a trial by jury on all issues triable by a jury in this case.

## XI.
## RELIEF REQUESTED

30. WHEREFORE, PREMISES CONSIDERED, Plaintiff prays for the following relief:

a. Judgment entered for the Plaintiff against Defendant for damages;

b. For actual and liquidated damages for the period of time provided by law, including appropriate backpay and reimbursement for lost pension, insurance, and all other benefits;

c. For compensatory damages, punitive damages, and liquidated damages as allowed by law;

d. For attorneys' fees;

e. For pre-judgment and post-judgment interest as allowed by law;

f. For costs of court, costs of prosecuting Plaintiff's claim; and

g. For such other and further relief to which Plaintiff may be justly entitled.

Respectfully submitted,

THE HANSEN LAW FIRM, P.C.
*/s/ Jakki A. Hansen*
Jakki A. Hansen
Attorney-in-Charge
State Bar No. 24000886
The Scanlan Building
405 Main Street, Suite 600
Houston, Texas 77002
Telephone: 281.888.4364
Facsimile: 888.492.9819
*jhansen@hansenlawfirmpc.com*

ATTORNEY FOR PLAINTIFF ARLEEN DELARONDE